We are satisfied with our former opinion as to what part of the testator's property is subject to the limitations in cross-remainder. The words of the will are too strong and point too plainly to what shall be received under the will as distinguished from that which had been heretofore received. The first, meaning that which the legatees had not possessed before, but claimed entirely under the will; the latter, that which he had before the making of his will possessed them of, and confirmed to them by the will. We went as far as we could in declaring that the property put into the hands of William H. Bullock and Fanny Ann Hunt, and by the will given to John Bullock in trust for their respective children, to be property not received under the will in the meaning of the testator; substituting the trustee to their prior possessions, and their children to them.
We think that we erred in directing the executor not to pay or deliver over the property subject to the cross-limitations in remainder; for the testator has prescribed no conditions, and we think we cannot so do unless for some cause which we think would have determined the testator himself to provide the means by which his ulterior legatees should not be disappointed. In such a case we think it would be our duty to interfere, for we should then speak what we presume the testator would himself say were he capable of speaking, or would have provided for had (321) he foreseen the necessity. It is going very far, then, to take care of a remote contingent interest to the prejudice of the near and immediate objects of the testator's bounty, for it almost necessarily reduces the legacy to its interests or profits only. However, where there is a cause for it, as insolvency or the like, we think that we are bound to interfere, and John Bullock, the executor, as guardian and next friend to James Bullock, and trustee for the children of William H. Bullock *Page 259 
and Fanny Ann Hunt, having by his petition, verified by affidavit presented at this term, stated that Richard, one of the legatees, is insolvent to a very large amount, and praying that the said Richard should be restrained and enjoined from demanding any part of said legacy in cross-remainder so far as those for whom he acts are concerned, we think that, until the petition be disposed of, that the prayer of the petition should be granted and the benefit of it be extended to all; for if Richard be insolvent it should affect all those who may claim.
We therefore direct that until bond and satisfactory surety be given by Richard for the forthcoming of the property as before mentioned, or until this Court shall otherwise direct, the executor shall not pay said legacy or any part thereof to said Richard, and that the said Richard be restrained and enjoined from demanding and suing for said legacy.
In the former decree it was erroneously directed that the plaintiff should be charged with interest on the $4,000 legacy from the time he received it. The Court reverses so much of that decree, and now declares that the same is payable out of the funds of Norwood and Bullock from the first money received therefrom after the payment of the debts of the firm. The legatee is and was entitled to receive the same out of the first money collected from said firm, after paying the debts thereof, and that he is not chargeable with interest thereon, but, if the fund is sufficient, he is entitled to interest thereon from one year after the testator's death until he recover the amount.
The petition of William H. Bullock and John Hunt, praying to be substituted for John Bullock as trustee for their children (322) respectively, is continued for further consideration.
PER CURIAM. Decree accordingly.
Cited: Hurdle v. Elliott, 23 N.C. 176; Stultz v. Kizer, 37 N.C. 541;Williams v. Cotton, 56 N.C. 398; Williamson v. Willaimson, 57 N.C. 285;Faribault v. Taylor, 58 N.C. 221; Perkins v. Caldwell, 77 N.C. 434;Galloway v. Carter, 100 N.C. 121; Ruffin v. Ruffin, 112 N.C. 109;Watson v. Hinson, 162 N.C. 80. *Page 260